UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1489

ERIK G. FISCHER,

    Plaintiff

-vs-

ROCKY MOUNTAIN HOSPITAL AND
MEDICAL SERVICE, INC., D/B/A ANTHEM
BLUE CROSS AND BLUE SHIELD,

    Defendant

_____

## COMPLAINT
_____

COMES NOW Plaintiff, Erik G. Fischer, by and through his counsel, Erik G. Fischer, P.C., and asserts the following Complaint against Defendant, Rocky Mountain Hospital and Medical Service, Inc., d/b/a Anthem Blue Cross Blue Shield, stating as follows:

### JURISDICTION AND VENUE

1.    Venue and jurisdiction is proper in this Court pursuant to 27 U.S.C. ¶1132, as the health insurance contract which is the subject matter of this action was entered into and performed in the County of Larimer, State of Colorado and the policy is controlled by ERISA.

### PARTIES

2.    Plaintiff, Erik G. Fischer, is an individual residing at 924 Belvedere Court, Fort Collins, Colorado 80525.

3. Defendant, Rocky Mountain Hospital and Medical Service, Inc., d/b/a Anthem Blue Cross and Blue Shield, is a Colorado Corporation in good standing with its principal place of business at 700 Broadway, Denver, Colorado 80203.

## GENERAL ALLEGATIONS

4. Defendant is an insurance company subject to the regulations contained in ERISA.

5. Defendant offers insurance contracts for sale to prospective customers subject to the completion of an application. Plaintiff has been insured by Defendant continuously for over twelve years.

6. In 2020, Plaintiff completed and submitted a renewal application to Defendant for insurance coverage.

7. Subsequent to Plaintiff's submission of an application, Defendant approved the contract and granted coverage with eligibility beginning on January 1, 2021.

8. Plaintiff has a continuing and likely incurable microbacterial infection in his spine. Said infection has migrated throughout Plaintiff's abdomen. Defendant has been aware of said infection since 2008.

9. Plaintiff has further been on continuous antibiotics since discovery of this infection in 2008. The Defendant has been aware of Plaintiff's need for these antibiotics to halt the spread of the infection and to save Plaintiff's life.

10. Plaintiff has been on three specific antibiotics since 2013 which include azithromycin and ciprofloxacin. Defendant has been aware of Plaintiff's continued need for these antibiotics on a daily basis since at least 2013.

11. Plaintiff now takes one antibiotic pill, Azithromycin 600 mg, which is supposed to be covered by Anthem insurance every day.

12. Plaintiff therefore needs 365 pills every year.

13. The cost after insurance should be $15.00 for a 30-day supply.

14. Despite Defendant's knowledge of the medical necessity of these daily antibiotics, Defendant has on numerous occasions denied Plaintiff's request for coverage pursuant to the insurance policy without a valid medical reason.

15. Defendant has attempted to place unreasonable demands for authorization to use these medicines and to be covered by insurance without any valid reason for denying coverage of the medicines.

16. There is a public record of Plaintiff filing suit in 2014 to enforce payment of the same policy for the same antibiotic.

17. There is a public record of Plaintiff filing suit again in 2016 to enforce the same policy for the same antibiotic.

18. There is a public record of Plaintiff filing suit again in 2020 to enforce the same policy for the same antibiotic.

19. These denials have resulted in Plaintiff being forced to pay for these medicines out of his own funds despite the fact that they should have been covered pursuant to the insurance policy validly entered into with the Defendant.

20. If Plaintiff had not paid for the antibiotics out of his own pocket, the denial of coverage by the Defendant would have resulted in seriously jeopardizing Plaintiff's life and health.

21. On May 28th, 2021, Plaintiff had to pay $448.57 for his prescription as Defendant refused to honor its insurance contract with Plaintiff and pay for the medication.

22. Plaintiff should have paid $15.00 pursuant to the insurance contract with Defendant.

23. Plaintiff exhausted his administrate remedies in 2013, 2014 and 2016, by appealing the denial of benefits without any change of behavior from the Defendant.

24. Defendant's continued refusal to abide by the contract makes any further administrate remedies/appeals fruitless in that despite 3 previous public litigation cases, Defendant has refused to change its course of action in providing the benefits it agreed to under the contract for insurance.

## FIRST CLAIM FOR RELIEF
### (ERISA – 29 U.S.C. 1132(a)(1)(B) – Recovery of Benefits)

25. Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

26. Defendant offered the Plan to Plaintiff, and accepted Plaintiff's application for the Plan. The parties, thus, entered into an insurance contract which was in effect beginning on January 1, 2013. It has been renewed for all relevant time frames.

27. The Plan obligated Defendant to cover certain medical prescriptions ordered by Plaintiff's physicians.

28. Plaintiff's physicians ordered treatment which was necessary for his care.

29. Plaintiff made a claim for the benefits under the Plan.

30. Defendant failed and/or refused to provide the benefits set forth in the Plan.

31. This is the fourth lawsuit Plaintiff has filed after Defendant's refusal to pay for prescriptions pursuant to the plan.

32. Plaintiff is entitled to the benefits under the Plan as the ordered treatment was covered and necessary.

33. The Defendant's culpability and bad faith are obvious as Plaintiff has had to sue Defendant four times for the exact same conduct.

34. The Plaintiff has previously complied with numerous attempts to enforce the contract through administrative remedies, all which have failed. Plaintiff should not be forced to continue to waste his time and effort on administrative remedies for the exact same conduct of Defendant which now encompasses more than 8 years.

35. The Defendant has the ability to satisfy an award of attorneys' fees.

36. An award of attorneys' fees would likely deter the Defendant from this course of conduct.

37. Other members of the plan likely suffer the same actions of Defendant as Defendant attempts to push all prescriptions services to its affiliated pharmacy.

38. As a direct and proximate cause of Defendant's denial and/or refusal to pay benefits under the Plan, Plaintiff was damaged in the amount of the benefits denied, and pre- and post-judgment interest, attorneys' fees and other equitable relief, as applicable.

## DEMAND OF PLAINTIFF

WHEREFORE, Plaintiff respectfully requests a judgment in his favor against Defendant for an amount to be proven at trial for: the amount of unpaid and/or denied benefits as proven at trial, other losses and expenses incurred in pursuing this litigation, including without limitation, court costs and fees, witness fees, including expert witness fees, attorneys' fees, and pre- and post-judgment interest as may be provided by law, and for such other relief as this Court deems just and proper.

Dated this 2nd day of June, 2021.

Respectfully submitted,

**ERIK G. FISCHER, P.C.**

*/s/ Erik G. Fischer*
Erik G. Fischer, #16856
**ERIK G. FISCHER, P.C.**
125 South Howes Street, Suite 900
Fort Collins, CO 80521
Phone: (970) 482-4710
Email: erik@fischerlawgroup.com

Name and Address of Plaintiff:
Erik G. Fischer
924 Belvedere Court
Fort Collins, CO 80525