IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01489-CMA-MEH

ERIK G. FISCHER,

    Plaintiff,

v.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., *d/b/a* Anthem Blue Cross and Blue Shield,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT
THE ADMINISTRATIVE RECORD (DOC. # 23)**

---

This matter is before the Court on Plaintiff Erik G. Fischer's Motion to Supplement the Administrative Record (Doc. # 23). For the following reasons, the Court denies the Motion.

## I. BACKGROUND

Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") to recover benefits he alleges were denied to him by Defendant Rocky Mountain Hospital and Medical Service ("Anthem"). (Doc. # 1.) Specifically, Plaintiff alleges that Anthem failed to pay for Plaintiff's prescription medication on May 28, 2021. (*Id.* at ¶ 21.) Plaintiff asserts a single claim of relief for recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also alleges that Anthem failed to pay for

Plaintiff's prescriptions on several prior occasions, which resulted in Plaintiff filing lawsuits for denial of benefits in 2014, 2016, and 2020. (Doc. # 1 at ¶¶ 16–18.)

Pursuant to the Court's Scheduling Order (Doc. # 15), Anthem produced a copy of the administrative record to Plaintiff on October 22, 2021. *See* (Doc. # 23 at 1.) Plaintiff now moves the Court to require Anthem to supplement the administrative record. Anthem filed a Response in opposition (Doc. # 24), and Plaintiff filed a Reply (Doc. # 25).

## II.   LEGAL STANDARDS

In reviewing the decision of a plan administrator to deny benefits in an ERISA action, the district court is "limited to the administrative record." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010); *see also Geddes v. United Staffing Alliance Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006) (instructing that a district court reviewing a denial of benefits under the arbitrary and capricious standard should "consider only evidence from the closed administrative record"). The administrative record, in turn, is limited to "the materials compiled by the administrator in the course of making his decision." *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002). Although supplementing the record may sometimes be appropriate "given the 'variety of ERISA cases which are brought to the federal courts,'" *id.* (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993)), the Tenth Circuit has cautioned that supplementation should be permitted only in "exceptional circumstances" and "unusual" cases. *Id.* Generally, to adequately review a

plan administrator's decision, the district court should look only at the evidence that was before the plan administrator at the time of the determination. *Id.*

### III. DISCUSSION

Plaintiff requests that Anthem supplement the administrative record to include "Plaintiff's insurance coverage file, including coverage denials." (Doc. # 23 at 2.) Plaintiff also incorporates his letter to Anthem in which he requests that Anthem supplement the administrative record to include "a complete and full copy of [Plaintiff's] insurance coverage file for the last five years, including any and all information relating to coverage denials." (Doc. # 23-1.) In response, Anthem argues that Plaintiff's entire insurance coverage file is not an administrative record pursuant to ERISA and that Anthem has already produced the complete administrative record for the single claim at issue in this action. (Doc. # 24 at 2.)

Although Plaintiff is entitled to the administrative record for the instant action, that record should include only "the materials compiled by the administrator in the course of making his decision." *Hall*, 300 F.3d at 1201. Anthem asserts that it has produced "all documents that it compiled or considered when reaching its determination" on Plaintiff's claim for benefits for May 28, 2021. (Doc. # 24 at 4–5.) Further, Anthem avers that it did not compile or consider Plaintiff's full insurance coverage file, or any other documents, in making its determination on the May 28, 2021 claim. (*Id.* at 5.) Accordingly, Anthem has produced the full administrative record for Plaintiff's claim.

Nevertheless, Plaintiff seeks to require Anthem to supplement the administrative record to include records relating to **prior** denials of benefits, which Plaintiff concedes

have been litigated separately. The Court agrees with Anthem that records relating to any prior denials of benefits are outside the scope of Plaintiff's current claim. Further, Anthem asserts that Plaintiff signed a Settlement and Release Agreement releasing Anthem from liability for all claims for denial of benefits before March 8, 2021. (Doc. # 24 at 5; *see* Doc. # 23-2 at 2). In his Reply, Plaintiff does not rebut this contention or claim to seek relief for these prior denials of benefits. *See* (Doc. # 25.) Rather, Plaintiff argues that the underlying complaint requires a fuller picture of "a pattern of behavior" of denying benefits by Anthem. (*Id.* at 2.) However, Plaintiff does not provide authority for this position, and it is well settled in this circuit that in an ERISA action, the administrative record must be limited to the documents Anthem compiled and considered in makings its determination. *Murphy*, 619 F.3d at 1159. Accordingly, the Court concludes that Plaintiff's requested supplementation is not necessary or appropriate. Anthem is not required to supplement the record with broader information from Plaintiff's insurance coverage file relating to prior claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Supplement the Administrative Record. (Doc. # 23).

DATED:  March 2, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

4